IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON)  DIVISION

**KENNY FRANKLIN EDMONSON**                                                     **PETITIONER**

**VERSUS**                                     **CIVIL ACTION NO.  3:14CV68- HTW-LRA**

**BILLIE SOLLIE, Sheriff of Lauderdale County, Mississippi,
and JIM HOOD, Attorney General of Mississippi**          **RESPONDENTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pre-trial detainee Kenny Edmonson filed the instant petition for writ of habeas corpus relief on January 27, 2014.  Respondents move to dismiss the petition for failure to state a claim upon which relief can be granted.  The Court recommends the motion be granted for the reasons that follow.

Petitioner Edmonson is currently awaiting trial in the custody of the Lauderdale County Detention Facility.  As such, he is a pre-trial detainee and his petition is properly considered under 28 U.S.C. § 2241.  On May 24, 2012, he was indicted as a habitual offender on one count of false pretenses pursuant to Miss. Code Ann. §§ 97-19-39 and 99-19-81 in the Circuit Court of Lauderdale County, and on April 18, 2013, he entered a plea of not guilty.  A trial was scheduled for June 20, 2013, and bond was set at $5,000.  On June 20, 2013, the trial court entered an order resetting trial for August 26, 2013, with the signed consent of both the defense and prosecution.  The trial was later rescheduled to October 8, 2013, due to continuing plea negotiations.  However, records indicate that Edmonson failed to appear on October 8, 2013, and a bench warrant was issued for his

arrest on that same date. He was later apprehended and trial was rescheduled for December 18, 2013. The trial has since been rescheduled three times because defense counsel was temporarily suspended from the practice of law; Petitioner declined to enter a guilty plea; and, the victim was transferred out of the state. The record indicates that trial is now currently scheduled for June 2, 2014.[1]

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). As to the first requirement, the record reflects that Edmonson is currently in the custody of the Lauderdale County Detention Facility awaiting trial, and although he has posted bond, he cannot be released at this time because a detainer has been lodged against him by Tuscaloosa County, Alabama.[2] As to the second requirement, although § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. *Dickerson*, 816 F.2d at 224; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). The Fifth Circuit has held:

---

[1] ECF No. 11-1– 11-9; ECF No. 14-1.

[2] ECF No. 14-1.

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson,* 816 F.2d at 225 (citations omitted); *Robinson v. Wade*, 686 F.2d 298, 303, n.8 (5th Cir. 1982) ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.") (citations omitted).

The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493.  The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490).  The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner:  If the petitioner is attempting to dismiss the indictment or prevent the

3

prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id*. at 1283.

In this case, Edmonson alleges that the State of Mississippi refuses to take him to trial, which the Court has liberally construed as a violation of his Sixth Amendment right to a speedy trial. He also alleges that the state courts have acted in bad faith in failing to rule on his motions, and maintains that he cannot be held criminally responsible for the charges in the indictment because he acted on behalf of an LLC. For relief, Edmonson requests indemnification for the charges in the indictment, and an evidentiary hearing to "clear up the matter that Plaintiff's actions was [sic] the actions of an LLC because the check was the property of the LLC and [he] cannot be charged/indicted for any acts of the (LLC). . . ."[3]

It is not entirely clear the type of relief that Edmonson seeks. Although not expressly stated, to the extent he seeks the dismissal of the charges against him, he is seeking to "abort" the normal and "orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1283. Such relief is not attainable through federal habeas corpus, and his petition should be dismissed for failing to state a claim upon which relief may be

---

[3]ECF No. 1, p. 16; ECF No. 12, p. 15.

granted.

To the extent Edmonson contends that he is being deprived of his Sixth Amendment right to a speedy trial because of the number of continuances, nothing of record indicates that he has filed a motion for a speedy trial in state court. The Fifth Circuit has also expressly held that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227. A trial is currently set in this mater for June 2, 2014. "[A]ny claim, alleging the deprivation of [his] constitutional right to a speedy trial should be exhausted in the state court after a trial and raised in a post-trial federal habeas corpus action under 28 U.S.C. 2254." *Bursey v. Circuit Court of Lowndes County*, Civil Action No. 1:11CV 175-D-A, 2012 WL 5183588 *3 (N.D. Miss. Oct. 18, 2012). Accordingly, the petition should be dismissed for failure to exhaust state court remedies.

For these reasons, the undersigned recommends that his petition be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, for failure to exhaust available state remedies. Any pending motions should be dismissed as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 2nd day of June 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE